**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL GONZALEZ AND,** | § | |
| **LIZZETT REQUENEZ,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** |
| | § | **5:17-cv-00637** |
| **METROPOLITAN LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS, METROPOLITAN** | § | |
| **PROPERTY & CASUALTY INSURANCE** | § | |
| **COMPANY, METLIFE AUTO & HOME** | § | **(JURY)** |
| **INSURANCE AGENCY, INC.,** | § | |
| **PAUL HEARN, AND CHERYL STEPPIG,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS,**
**METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, AND**
**METLIFE AUTO & HOME INSURANCE AGENCY, INC.'S NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendants Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds"), Metropolitan Property & Casualty Insurance Company ("Metropolitan"), and MetLife Auto & Home Insurance Agency, Inc.'s ("MetLife") file this Notice of Removal of Cause Number 2017CI08171, styled *Michael Gonzalez and Lizzett Requenez v. Metropolitan Lloyds Insurance Company of Texas, Metropolitan Property & Casualty Insurance Company, MetLife Auto & Home Insurance Agency, Inc., Paul Hearn, and Cheryl Steppig,* currently pending in the 73rd Judicial District Court, Bexar County, Texas.  Metropolitan removes the case to the U.S. District Court for the Western District of Texas, San Antonio Division.  As grounds for removal, Metropolitan states as follows:

# I.
# OVERVIEW

1.1     This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Metropolitan Lloyds to Plaintiffs Michael Gonzalez and Lizzett Requenez, for damage to the Plaintiffs' home allegedly caused by wind and hail.  (*See* Plaintiffs' Original Petition).   Plaintiffs commenced this action, styled *Michael Gonzalez and Lizzett Requenez v. Metropolitan Lloyds Insurance Company of Texas, Metropolitan Property & Casualty Insurance Company, MetLife Auto & Home Insurance Agency, Inc., Paul Hearn, and Cheryl Steppig,* by filing Plaintiffs' Original Petition on May 3, 2017 under Cause Number 2017CI08171 in the 73rd Judicial District Court, Bexar County, Texas.   According to the Plaintiffs' Original Petition in that suit, the Plaintiffs seek to recover damages from Defendants in excess of $100,000.00 but no more than $200,000.00.  Metropolitan Lloyds was served the Plaintiffs' Original Petition in that suit on June 16, 2017; Metropolitan was served the Plaintiffs' Original Petition on June 16, 2017; and MetLife was also served the Plaintiffs' Original Petition in that on June 16, 2017.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).   A true and correct copy of all process, pleadings, and the orders served upon Metropolitan Lloyds, Metropolitan, and MetLife in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

# II.
# DIVERSITY JURISDICTION

2.1     The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a).  The Plaintiffs are now, and was at the time the lawsuit was filed, residents of the State of Texas.  (*See* Plaintiffs' Original Petition).  Defendant Metropolitan Lloyds is now, and was at

the time the action was commenced, an unincorporated association of underwriters whose individual underwriters are citizens of the States of Florida, Illinois, Rhode Island, and Wisconsin, and are not residents or citizens of Texas.  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Metropolitan] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[1] Accordingly, Metropolitan Lloyds Insurance Company of Texas is a citizen of the States of Florida, Illinois, Rhode Island, and Wisconsin, and complete diversity exists.

2.2     Defendant Metropolitan is now, and was at the time the action was commenced, a Rhode Island corporation with headquarters in Warwick, Rhode Island.  Accordingly, Metropolitan is a citizen of the State of Rhode Island.  Metropolitan's citizenship, however, should not be taken into consideration for purposing of determining diversity in that it is not a property party and has been improperly joined in this action.  (*See* Metropolitan Property and Casualty Insurance Company's Original Answer attached hereto as part of Exhibit "A.")

2.3     Defendant MetLife Auto & Home Insurance Agency, Inc., has no citizenship. Rather this entity is a trade name for Metropolitan Property and Casualty Company, which has not been named, sued, or served as an independent party.

2.4     Another Defendant in the case is Paul Hearn, a citizen of the State of Texas.  Mr. Hearn has not been served in the state court action.  His citizenship, however, should not be

---

1 "Fifth Circuit jurisprudence is equally clear."  *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

**NOTICE OF REMOVAL - PAGE 3**

taken into consideration for purposes of determining diversity as he has been improperly joined in this action.

2.5     An additional Defendant in the case is Cheryl Steppig, a citizen of the State of Illinois.

2.6     There being complete diversity between the Plaintiffs and Defendant Metropolitan Lloyds, this case is properly removed to the U.S. District Court for the Western District of Texas, San Antonio Division.

2.7     The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were property joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).   Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003).   In this case the Plaintiffs are unable to establish a cause of action against Defendant Paul Hearn, thereby rendering his joinder improper.

2.8     The Plaintiffs' allegations against Defendant Paul Hearn are generic and formulaic claims under the Texas Insurance Code and the Texas Deceptive Trade Practices Act and are unsupported by real facts.   Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009).   The allegations against Defendant Paul Hearn in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the

elements of a cause of action. These generic recitations on their face not only fail to state a viable cause of action under Texas law but also fail to evidence a plausible entitlement to relief to support the joinder of Defendant Paul Hearn.  As such, the allegations against Paul Hearn exemplify the badge of improper joinder.

2.9     Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance company to recover policy benefits in an effort to avoid removal of the case from state court to federal court. This is yet another example of one such case.  The essence of this lawsuit is the Plaintiffs' right of recovery under the insurance contract.  Under such circumstances, Defendant Paul Hearn has been improperly joined.  Because Defendant Paul Hearn has been improperly joined, the claims against him should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

2.10    In addition, Defendant Metropolitan and Defendant MetLife are improperly jointed in this matter.  They did not issue any policy or adjust the claim in question.

## III.
## REMOVAL PROPER

3.1     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.2     Defendants Metropolitan, the removing parties, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Metropolitan will promptly file a copy of this Notice of Removal with the clerk of the 73rd Judicial District Court, Bexar, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

**IV.**
**EXHIBITS ACCOMPANYING REMOVAL**

4.1     In conjunction with filing this Notice of Removal, Defendant Metropolitan files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 73rd Judicial District Court, Bexar County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendants Metropolitan Lloyds Insurance Company of Texas, Metropolitan Property and Casualty Insurance Company, and MetLife Auto & Home Insurance Agency, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove Cause Number 2017CI08171, styled, *Michael Gonzalez and Lizzett Requenez v. Metropolitan Lloyds Insurance Company of Texas, Metropolitan Property & Casualty Insurance Company, and MetLife Auto & Home Insurance Agency, Inc., Paul Hearn, and Cheryl Steppig,* from the 73rd Judicial District Court, Bexar County, Texas to this Court on the 14th day of July, 2017, for trial and determination.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

_____/s/ Dennis D. Conder_____
By:     Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

**ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS, METROPOLITAN
PROPERTY & CASUALTY INSURANCE
COMPANY, AND METLIFE AUTO & HOME
INSURANCE AGENCY, INC.**

## <u>CERTIFICATE OF SERVICE</u>

On the 14th day of July, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served counsel of record electronically and/or by facsimile and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) and by the Texas Rules of Civil Procedure.

*/s/ - Dennis D. Conder*
Dennis D. Conder

PAN/PLDG/588970.1/001466.17003